### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

LISA ANNLEE PHILLIPS,

        **Plaintiff,**

    **v.**

KAY NORTHRUP, *et al.*,

        **Defendants.**

    **CASE NO. 2:05-CV-172**

    **JUDGE EDMUND A. SARGUS, JR.**

    **Magistrate Judge Norah McCann King**

### REPORT AND RECOMMENDATION

Plaintiff Lisa Annlee Phillips ("plaintiff") is an inmate at the Ohio Reformatory for Women ("ORW"). The *Complaint* names as defendants various officials at ORW and the Department of Rehabilitation and Correction and seeks recovery of monetary damages as compensation for injuries allegedly sustained by her when she slipped and fell on two separate occasions at ORW. The Court construes plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 ("Section 1983") for deliberate indifference to her serious medical conditions in violation of the Eighth and Fourteenth Amendments to the United States Constitution .

This matter is before the Court on *Defendants' Motion for Judgment on the Pleadings*, Doc. No. 12, and on *Plaintiff's Motion for Judgment on the Pleadings*, Doc. No. 18. For the reasons that follow, the Court **RECOMMENDS** that *Defendants' Motion for Judgment on the Pleadings* be **GRANTED** and that *Plaintiff's Motion for Judgment on the Pleadings* be **DENIED**. Pursuant to *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005), it is **RECOMMENDED** that this action be **DISMISSED** without prejudice.

## I.    BACKGROUND

Plaintiff alleges that she slipped and fell on two separate occasions at ORW.  *Complaint*,

at pp. 3, 5.  The complaint first alleges that, on September 28, 2004, she slipped and fell in her

cell, landing on her "lockbox."  *Id.*, at p. 3.  Plaintiff alleges that there was a leak in a restroom,

which flooded part of her cell causing her fall.  *Id.*  Since the fall, plaintiff has allegedly

experienced serious problems with her back.  *Id.*  Although she has apparently been seen by

medical personnel, plaintiff believes that she "needed an MRI for a more accurate diagnosis."

*Id.*

The *Complaint* also alleges that, on January 10, 2005, plaintiff slipped over a metal knob

lying in a shower drain hole.  *Id.*, at p. 5.  She was seen by a nurse who gave her analgesic

medication.  *Id.*  However, plaintiff believes that she needs to "see a specialist" and that she

needs "physical therapy or other form[s] of aftercare."  *Id.*  (emphasis in original).

On February 24, 2005, plaintiff filed the complaint.  On April 15, 2005, defendants filed

their *Answer* to the *Complaint*.  Doc. No. 8.

On July 28, 2005, defendants filed *Defendants' Motion for Judgment on the Pleadings*.

Doc. No. 12.  Plaintiff did not oppose that motion but instead, on October 18, 2005, filed

*Plaintiff's Motion for Judgment on the Pleadings*.  Doc. No. 18.  On November 23, 2005,

defendants filed their memorandum *contra* that motion.  Doc. No. 20.

## II.    STANDARD OF REVIEW

Rule 12(h)(2) of the Federal Rules of Civil Procedure provides that a Rule 12(b)(6)

defense of failure to state a claim upon which relief can be granted can be raised after an answer

has been filed by a motion for judgment on the pleadings pursuant to Rule 12(c).  *See Morgan v.*

*Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987).  Where a Rule 12(b)(6) defense is

raised pursuant to a 12(c) motion, this Court must apply the standard applicable to a Rule

12(b)(6) motion.  *Id.*

Under Rule 12(b)(6), a complaint may be dismissed only if "it appears beyond doubt that

the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to

relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The complaint must be construed in the

light most favorable to plaintiff, and its well-pleaded facts must be accepted as true.  *Morgan*,

829 F.2d at 12.   However, the Court need not accept as true legal conclusions or unwarranted

factual inferences.  *Id.*

## III.    ANALYSIS

In both the *Complaint* and in *Plaintiff's Motion for Judgment on the Pleadings*, plaintiff

alleges that she was not provided appropriate medical treatment after each of two separate falls,

in contravention of the Eighth and Fourteenth Amendments' proscription against "deliberate

indifference to serious medical needs of prisoners."  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

In *Defendants' Motion for Judgment on the Pleadings*, defendants argue, *inter alia*, that

plaintiff failed to exhaust her administrative remedies with regard to her fall on January 10,

2005, which, under the law of this circuit, requires dismissal without prejudice of the entire

action.  The Court agrees.

The Prison Litigation Reform Act of 1996 ("PLRA") requires a prisoner to exhaust

administrative remedies available to her prior to filing an action in a federal court.  42 U.S.C. §

1997e(a) (2004).  The PLRA states:

> No action shall be brought with respect to prison conditions under section 1983 of
> this title, or any other Federal law, by a prisoner confined in any jail, prison, or

3

other correctional facility until such administrative remedies as are available are exhausted.

*Id.*  The plaintiff-prisoner has the burden of proving that a grievance has been fully exhausted, *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002), and the prisoner must attach documentation to the complaint as proof.  *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998).  "Exhaustion is not jurisdictional; it is mandatory, *Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999), even if proceeding through the administrative system would be 'futile.'  *Hartsfield v. Vidor*, 199 F.3d 305, 308-10 (6th Cir. 1999)."  *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005).

Moreover, grievances filed in an attempt to exhaust administrative remedies must reasonably inform prison officials of the individual subjects of the grievance so that those officials are given the opportunity to address the claims before a suit is brought in federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001);  *Walton v.  Bouchard*, 136 Fed. Appx. 846, 849 (6th Cir. 2005).  The purpose of the "exhaustion requirement is to provide states the first opportunity to resolve problems themselves."  *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003).

The United States Court of Appeals for the Sixth Circuit recently adopted the "total exhaustion" rule, which requires that this Court dismiss without prejudice a complaint that presents both exhausted and unexhausted claims, *i.e.*, a "mixed complaint."  *Jones Bey, supra*, 407 F.3d, at 805.  The total exhaustion rule leaves a  prisoner whose mixed complaint is dismissed by the district court with two options:

> First, [she] could wait until all of [her] claims are exhausted and re-file the action
> at that time.  Or, [she] could simply institute an action with only the exhausted
> claims, and then later bring other actions in court after the other issues have been
> fully addressed through the prison grievance process.

*Id.*, at 808.

In the case *sub judice*, plaintiff has not shown that she even began the grievance process before filing this action, let alone completed it, with regard to her fall on January 10, 2005. This Court has carefully reviewed all the documents submitted with the *Complaint* and with *Plaintiff's Motion for Judgment on the Pleadings*[1] and there are simply no grievance documents related to the January 10, 2005, fall that were filed before this action was filed. Moreover, plaintiff does not allege in the *Complaint* that she exhausted the available grievance procedures with regard to her January 10, 2005, fall. Accordingly, this Court is required to dismiss, without prejudice, this entire action. *Jones Bey*, 407 F.3d at 805.

**WHEREUPON**, in light of the foregoing, the Court **RECOMMENDS** that *Defendants' Motion for Judgment on the Pleadings*, Doc. No. 12, be **GRANTED** and that *Plaintiff's Motion for Judgment on the Pleadings*, Doc. No. 18, be **DENIED**. The Court **FURTHER RECOMMENDS** that this action be **DISMISSED,** without prejudice.

---

[1]As a general rule "[m]atters outside of the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997). A certain amount of flexibility attends the determination of whether a matter falls "outside the pleading[s]." *Armengau v. Cline*, 7 Fed. Appx. 336, 344 (6th Cir. 2001). In addition, the United States Court of Appeals for the Sixth Circuit has "taken a liberal view of what falls within the pleadings for purposes of Rule 12(b)(6)." *Id.* Hence, documents attached to a motion to dismiss "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [plaintiff's] claim." *Weiner*, 108 F.3d at 89; *McGee v. Simon & Schuster Inc.*, 154 F. Supp.2d 1308, 1311 fn.3 (S.D. Ohio 2001). If extrinsic materials merely "fill in the contours and details of the plaintiff's complaint, and add nothing new," they may be considered without converting the motion to one for summary judgment. *Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997); *see also Delahunt v. Cytodyne Technologies*, 241 F. Supp.2d 827, 831-32 (S.D. Ohio 2003). In the instant case, the Court concludes that the grievance documents attached to *Plaintiff's Motion for Judgment on the Pleadings* simply fill in the contours and details of the *Complaint,* allowing this Court to consider them without converting her motion to one for summary judgment.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation*, and the part thereof in question, as well as the basis for the objection thereto. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Responses to objections must be filed within ten (10) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *Harris v. City of Akron,* 20 F.3d 1396 (6th Cir. 1994); *Smith v. Detroit Fed'n of Teachers, Local 231, Am. Fed'n of Teachers, AFL-CIO,* 829 F.2d 1370 (6th Cir. 1987).


February 16, 2006                         *s/Norah McCann King*
Date                                   Norah McCann King
                                       United States Magistrate Judge