IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LISA ANNLEE PHILLIPS,

    Plaintiff,

v.

KAY NORTHRUP, *et al.*,

    Defendants.

CASE NO. 2:05-CV-172

JUDGE EDMUND A. SARGUS, JR.

Magistrate Judge Norah McCann King

## OPINION AND ORDER

Plaintiff Lisa Annlee Phillips ("plaintiff"), an inmate at the Ohio Reformatory for Women ("ORW"), asserts claims under 42 U.S.C. § 1983 ("Section 1983") for deliberate indifference to her serious medical conditions in violation of the Eighth and Fourteenth Amendments to the United States Constitution. On February 16, 2006, Magistrate Judge King issued a *Report and Recommendation*, Doc. No. 24, in which she recommended that *Defendants' Motion for Judgment on the Pleadings*, Doc. No. 12, be granted and that *Plaintiff's Motion for Judgment on the Pleadings*, Doc. No. 18, be denied. The magistrate judge concluded that, pursuant to *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005), this action must be dismissed without prejudice because plaintiff's complaint contained both exhausted and unexhausted claims.

This matter is before the Court on *Plaintiff's Response to the Report and Recommendation* ("*Plaintiff's Objections*"), Doc. No. 26, and on *Defendants' Motion to Strike Plaintiff's Objection to the Report and Recommendation or in the Alternative to Overrule Plaintiff's Objection* ("*Defendant' Motion to Strike or to Overrule*"), Doc. No. 27. Pursuant to

28 U.S.C. § 636(b)(1), this Court has conducted a *de novo* review of the *Report and Recommendation*. For the reasons set forth below, *Defendants' Motion to Strike or to Overrule* is **GRANTED** and *Plaintiff's Objections* are **OVERRULED**. The *Report and Recommendation* is hereby **ADOPTED AND AFFIRMED**.

In the *Report and Recommendation*, the magistrate judge recommended that this action be dismissed without prejudice because plaintiff had failed to exhaust the available administrative remedies with regard to one of her claims prior to filing this action. In *Plaintiff's Objections*, she concedes that she has not exhausted the available administrative remedies with regard to one of her claims but she requests that the Court allow her to pursue the claim that has been exhausted. The Court, however, cannot accommodate plaintiff's request.

As defendants correctly argue, the United States Court of Appeals for the Sixth Circuit recently adopted the "total exhaustion" rule, which requires this Court to dismiss without prejudice a complaint that presents both exhausted and unexhausted claims, *i.e.*, a "mixed complaint." *Jones Bey*, 407 F.3d at 805. The appellate court cited the following policy concerns:

> One purpose of the act is to reduce the sheer number of prisoner suits, especially frivolous actions. *See Ortiz* [*v. McBride*], 380 F.3d [649,] 658 [(2d Cir. 2004)] (citing 141 Cong. Rec. 26,553 (1995)) (statement of Sen. Hatch). Congress also intended to give increased powers to prisons so that they could solve their problems according to their own internal dispute resolution systems. *See Alexander v. Hawk*, 159 F.3d 1321, 1326 n.11 (11th Cir. 1998) (citing 141 Cong. Rec. S14408-01, S417748) (Sept. 27, 1995). "In the [Prison Litigation Reform Act] PLRA context, a total exhaustion rule would encourage prisoners to make full use of inmate grievance procedures and thus give prison officials the opportunity to resolve prisoner complaints." *Ross* [*v. County of Bernalillo*], 365 F.3d [1181,] 1190 [(10th Cir. 2004)]. When the courts dismiss the actions without prejudice, prisons would have the opportunity to fully resolve the complaint.

407 F.3d at 807. The court went on to explain that the total exhaustion rule leaves a prisoner

whose mixed complaint is dismissed by the district court with two options:

> First, he could wait until all of his claims are exhausted and re-file the action at that time. Or, he could simply institute an action with only the exhausted claims, and then later bring other actions in court after the other issues have been fully addressed through the prison grievance process.
>
> While it is true that re-filing an action would require an additional filing fee, we reject the notion that this rule is "unduly punitive," because it does not prevent the prisoner from proceeding *in forma pauperis*. *Contra Jenkins v. Toombs*, 32 F. Supp. 2d at 959. Under the total exhaustion rule, a prisoner will have the choice of bringing forth each exhausted claim one at a time, at a potentially greater expense to himself, or to wait and bring all exhausted claims together in one action.

*Id.*, at 808.

However, as the United States Court of Appeals for the Sixth Circuit recently explained, "[e]ven after *Jones Bey*, some confusion may have lingered as to this court's reading of the PLRA's exhaustion requirement . . . ." *Rinard v. Leoma*, Case No. 05-1150, __ F.3d __ (6th Cir. March 13, 2006). Explanation of the "confusion" to which *Leoma* refers is dispositive of the case *sub judice*.

In *Leoma*, as in the instant action, the plaintiff conceded that his complaint contained both exhausted and unexhausted claims. In an attempt to avoid dismissal of the complaint pursuant to *Jones Bey*, the plaintiff in *Leoma*, as does the plaintiff in this case, requested that he be allowed to amend the complaint to delete the unexhausted claims. The appellate court, in affirming the district court's denial of that plaintiff's request, held that *Jones Bey* required dismissal of the entire complaint, including the exhausted claims.

Accordingly, *Defendants' Motion to Strike or to Overrule* (Doc. # 27) is **GRANTED** and *Plaintiff's Objections*, Doc. No. 26, are **OVERRULED**. The *Report and Recommendation*,

Doc. No. 24, is hereby **ADOPTED AND AFFIRMED**. This action is **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

3-16-2006
**DATE**

EDMUND E. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**

4